### KAHN v. JOHN KRESS BREWING CO.

(Supreme Court, Appellate Term, First Department. June 25, 1896.)

CONTRACTS—DELIVERY.

    In an action to charge defendant as surety on a lease made by plaintiff to a third person, it appeared that the proposed lease with the surety agreement was given to defendant's agent, to be executed by defendant as surety before plaintiff would execute it. The surety agreement was signed by defendant's president, and given to the agent, to take to defendant's counsel for his approval. The counsel made a memorandum of another clause to be inserted in the surety agreement, which plaintiff was told must be incorporated. Plaintiff replied that he was satisfied, and signed the lease, and requested defendant's agent to take them to plaintiff's lawyer, but the agent said he was instructed to bring the lease back. Plaintiff sent the paper to his lawyer by mail and the change was never made. *Held*, that there was no delivery of the surety agreement.

Appeal from Seventh district court.

Action by Joseph Kahn against the John Kress Brewing Company to recover $250 on an agreement of defendant as surety on a lease

made by plaintiff to one Simon Esselsohn. Judgment was rendered in favor of defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Lewis Hurst, for appellant.
Forster, Hotaling & Klenke, for respondent.

DALY, P. J. The plaintiff failed to prove the execution of the surety agreement set out in the complaint. It was signed by the president of the defendant company, but was never delivered. As delivery is a substantial, not a mere technical, requisite, the execution of a deed means that it has been delivered as well as signed and sealed. 7 Am. & Eng. Enc. Law, 117; Bouv. Dict. sub nom. "Execution."

The facts were these: The proposed leases, with the proposed surety agreement, which the plaintiff exacted as a condition of making the lease, were given to the agent of the defendant, the brewing company, to be executed by the company as surety before the plaintiff would sign. The surety agreement was signed by the president and given to the agent to take to Forster, the vice president and counsel, for his approval. The latter wrote below the clause in lead pencil the words: "And liability of the John Kress Brewing Company shall in no event exceed the sum of $270." The agent took the leases back to the plaintiff and told him that the pencil amendments would have to be incorporated. The plaintiff replied, "I am satisfied," and signed the leases, and requested the agent to take them down to plaintiff's lawyer, apparently in order that the desired changes might be made. The agent told the plaintiff that Forster had instructed him to bring back the leases. The plaintiff, however, sent them down to his lawyer by mail. It is clear that the plaintiff had no ground for considering that the agreement had been delivered to him as binding. The condition of which he was notified, that the pencil words should be inserted, effectually prevented the inception of any liability on the part of the defendant. The delivery, under those circumstances, to him, was without authority, and he knew it. There were no subsequent circumstances which ratified the delivery. The plaintiff's lawyer did not comply with Forster's requirement, but, on the contrary, when defendant's agent called upon him and told him, "Our lawyer thought that clause or those words ought to go in," plaintiff's lawyer declined to make any change, on the ground that the instrument had already been executed by both parties, and pointed out to the agent that the pencil words had substantially the same meaning as a clause which was already in it when defendant signed it. The agent, however, replied, "I don't know anything about that. That is what our lawyer wants."

On the question of delivery, the case of Dietz v. Farish, 79 N. Y. 520, is instructive as somewhat similar in its facts. There the parties negotiating for the purchase and sale of real estate met and signed the contract in duplicate, and left the papers with a clerk with instructions to deliver them if defendant's counsel approved.

The plaintiff obtained one of the duplicates from the clerk before the counsel had given his opinion. The counsel did not approve, but rejected the title as defective, and the court held that there was no contract. It is immaterial that the clause which defendant's counsel insisted upon incorporating was substantially the same as that which plaintiff's counsel had already inserted in the paper, because the question is simply whether the agreement of suretyship was delivered by the defendant to the plaintiff. It was not while anything was required to be done by defendant as a condition of delivery, and the condition was not complied with in the manner required. The trouble, of course, arose from the misunderstanding of plaintiff and his attorney. Plaintiff thought the agreement binding, notwithstanding the manner in which he became possessed of it, or, at all events, supposed that it would become binding when his lawyer had made the requisite changes. His lawyer supposed that the leases had been unconditionally delivered, and were therefore duly executed, and could not be changed. Whether the plaintiff can have relief in any form of action, such as specific performance to compel the defendant to execute a clause containing the precise language insisted upon, it is not for us to decide; but an action at law upon the agreement under the present state of the facts cannot be sustained.

Judgment affirmed, with costs. All concur.